# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILLIP JACKSON LYONS,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:14-cv-01889-APG-PAL

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). If the date on which the period would commence occurred before enactment of § 2244(d)(1) on April 24, 1996, then the period commenced on the next day, April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624. The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

The court takes the following procedural history from the findings of fact, conclusions of law, and order entered by the state district court on March 12, 2014; petitioner has attached it to his petition. The court also takes judicial notice of the on-line docket of the Nevada Supreme Court for proceedings that concluded after March 12, 2014.

Pursuant to a plea agreement, petitioner was convicted of first-degree kidnaping with the use of a deadly weapon, robbery with the use of a deadly weapon, and two counts of attempted robbery with the use of a deadly weapon. The state district court entered the judgment of conviction on March 25, 1991. Petitioner did not appeal the judgment of conviction, and the judgment of conviction became final on April 24, 1991.

Petitioner has pursued at least five petitions for post-conviction relief or habeas corpus in the state district court. The first two state petitions concluded before the enactment of 28 U.S.C. § 2244(d)(1) and do not enter into the court's calculations.

Petitioner filed his third state petition on April 1, 1994. It was denied, petitioner appealed, and the Nevada Supreme Court affirmed on February 10, 1998. Remittitur issued on March 3, 1998.

Petitioner filed his fourth state petition on February 15, 2013, and he filed a motion to vacate and correct an illegal sentence on April 4, 2013. The state district court denied both petition and motion on May 1, 2013, with one provision, discussed in the next paragraph. Petitioner appealed, and the Nevada Supreme Court affirmed on September 16, 2014. The Nevada Supreme Court held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1) and successive pursuant to Nev. Rev. Stat. § 34.810. Remittitur issued on October 15, 2014. Lyons v. State, No. 63259.[1]

As part of the denial of the fourth state petition, the state district court agreed to enter an amended judgment of conviction to clarify that petitioner's conviction for first-degree kidnaping specifically was pursuant to Nev. Rev. Stat. § 200.320(2) and that he was eligible for parole after five years. This amended judgment of conviction was entered on May 17, 2013. Petitioner filed a

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31442 (last visited May 18, 2015).

notice of appeal from that judgment on August 2, 2013. The Nevada Supreme Court dismissed the appeal as untimely on September 9, 2013. Remittitur issued on October 4, 2013.

Petitioner filed his fifth state petition on November 21, 2013. The state district court denied the petition. Petitioner appealed. The Nevada Supreme Court affirmed on July 23, 2014, holding that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1). Remittitur issued on August 21, 2014. Lyons v. State, No. 65041.[2]

Petitioner, in prison at the time, mailed the current federal habeas corpus petition to this court on September 3, 2014. Petitioner has since been paroled.

The court can treat the amended judgment of conviction in two ways, but either way this action is untimely. First, the court could decide that entry of the amended judgment reset the period of limitations under 28 U.S.C. § 2244(d). The amended judgment was entered on May 17, 2013. It would have become final on June 17, 2013, taking into account that the time to appeal otherwise would have expired on a Sunday. The federal one-year period would have started running the next day. Petitioner's fourth and fifth state petitions would not have tolled the one-year period pursuant to § 2244(d)(2) because they were untimely. Pace, 544 U.S. at 417. The one-year period would have expired at the end of June 17, 2014. Petitioner mailed his federal petition to this court on September 3, 2014, more than two months after the period of limitation would have expired.

Second, the court could decide that entry of the amended judgment had no effect upon an already expired federal period of limitation. The Court of Appeals for the Ninth Circuit addressed the equivalent question regarding amended judgments and the one-year period of limitation on a motion attacking a federal-court sentence pursuant to 28 U.S.C. § 2255. The court held that in cases in which it "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s] to the district court . . . the judgment does not become final, and the statute of limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed." United States v. Colvin, 204 F.3d 1221, 1225 (9th

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33232 (last visited May 18, 2015).

Cir. 2000). This Court assumes that <u>Colvin</u> applies to a determination of when a state judgment of conviction becomes final for the purposes of 28 U.S.C. § 2244(d)(1)(A). In this case, no court ever has reversed petitioner's conviction or sentence and remanded the case to the state district court. The state district court simply entered an amended judgment that clarified when petitioner would be eligible for parole on the kidnaping count.[3] Consequently, the one-year period would have started on April 25, 1996. The court will assume for the purposes of this order that the third state petition, pending at the time, was properly filed and eligible for tolling under § 2244(d)(2).[4] The third state petition would have tolled the one-year period immediately upon its commencement, and the tolling would have ended with the issuance of the Nevada Supreme Court's remittitur on March 3, 1998. Petitioner filed no other state petitions in the following year, and any federal habeas corpus petitions were ineligible for tolling. <u>Walker</u>, 533 U.S. at 181-82. The one-year period would have expired on March 3, 1999, more than fifteen years before petitioner mailed the current federal habeas corpus petition to the court.

    Attached to the petition, behind the exhibits, is the first page of a form motion for appointment of counsel. The court will not act upon this because it is missing a signature. <u>See</u> Fed. R. Civ. P. 11.

    IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

---

[3] The Nevada Supreme Court used a similar rule of state law in determining that petitioner's fourth and fifth state petitions were untimely. See <u>Sullivan v. State</u>, 96 P.3d 761, 764 (Nev. 2004).

[4] It is possible that the third state petition was found to be untimely pursuant to Nev. Rev. Stat. § 34.726(1), because it was filed more than a year after that statute's effective date on January 1, 1993. The court assumes that the third state petition was timely because the court does not possess the final orders in the first three state petitions; the Nevada Supreme Court's on-line docket does not extend that far back. The current federal petition is untimely either way.

1     IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

    IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: May 29, 2015

                                                  ANDREW P. GORDON
                                                  United States District Judge